```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO D. NIEBLAS-LOVE,

                        Plaintiff,

              -against-

ILEANA DIAZ, et al.,

                       Defendants.

24-cv-08993 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff, who is appearing *pro se*, initiated this action on November 25, 2024 invoking the Court's federal question jurisdiction, alleging that Defendants violated his "rights to Due Process of Law, under the Fourteenth Amendment of the Constitution of the United States of America." Dkt. No. 1 at 1. As of the date of this Order, Plaintiff has not requested issuance of a summons.

      Plaintiff initiated a nearly identical action in 2023 ("2023 Action"). *Nieblas-Love, et al. v. Diaz, et al.*, 23-cv-10207 (LTS). On May 29, 2024, Judge Laura Taylor Swain dismissed the 2023 Action on *Rooker-Feldman* grounds and denied Plaintiff leave to amend. *Id.* at Dkt. No. 6 ("Because Plaintiff cannot ask this Court to review and reject state-court decisions, his claim for relief is barred under the *Rooker-Feldman* doctrine.").

      Plaintiff's complaint in the instant action is substantially the same as his complaint in the 2023 Action—he complains of the same conduct against the same defendants and he requests the same relief. *Compare Nieblas-Love v. Diaz, et al.*, 24-cv-08993 (MMG), Dkt. No. 1 *with Nieblas-Love, et al. v. Diaz, et al.*, 23-cv-10207 (LTS), at Dkt. No. 1. Thus, the instant action is an unsuccessful, and procedurally improper, attempt to evade Judge Swain's previous Order in the 2023 Action that explicitly denied him leave to amend. *See Nieblas-Love, et al. v. Diaz, et al.*, 23-cv-10207 (LTS), at Dkt. No. 6 at 5. Because Plaintiff cannot file a new case to avoid or evade a Court Order, Plaintiff's complaint must be dismissed.

      District Courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curicone*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

      Accordingly, it is hereby ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE as an improper amendment of his complaint in the 2023 Action. The Clerk of Court is respectfully directed to enter judgment and CLOSE this action.

      The Court certifies under 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: December 16, 2024
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge